DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant guilty of attempted escape. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION TO DISMISS THE INDICTMENT."
The facts that are relevant to the issues raised on appeal are as follows. On April 11, 1997, appellant was placed on parole. On April 15, 1997, appellant and his parole officer signed a document which set forth the conditions of appellant's supervision and included the following language: "I understand that if I abscond supervision, I may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code." On July 7, 1998, appellant "absconded supervision" by failing to appear for a Salvation Army substance abuse program. On July 17, 1998, appellant was charged with one count of escape in violation of R.C. 2921.34(A)and (C)(2)(a). On December 9, 1998, appellant filed a motion to dismiss the indictment. Trial was set for January 4, 1999, and at that time the trial court denied appellant's motion, finding that the charge of escape did not rise to the level of an ex post facto application of the statute, as appellant claimed. Appellant then entered a plea of no contest to a reduced charge of attempted escape. The trial court found appellant guilty and sentenced him to a one-year prison term.
In his sole assignment of error, appellant asserts that the escape charge was an impermissible ex post facto and retroactive application of law. Appellant also contends that the "Conditions of Supervision" form he signed in 1997 was a nullity because the statute governing parole in effect at that time prohibited prosecution of parolees for escape. R.C. 2967.15.
In order to resolve appellant's claimed error, we must first trace the recent history of statutory law in Ohio as it relates to the issue of parolees absconding from detention. On October 4, 1996, the legislature changed the definition in R.C.2921.03(E) of persons under detention to include parolees under the supervision of the Adult Parole Authority. Previously, the definition of detention expressly excluded parolees. R.C.2921.03(E) eff. 8-23-95. Detention is one element of the crime of escape. R.C. 2921.34(A)(1). As a result of the new definition of detention, the scope of the escape statute was broadened to allow parolees to be convicted of escape if they absconded from supervision.
A conflict arose, however, because R.C. 2967.15(C)(2) still prohibited prosecuting parolees for escape. Because of that conflict, this court determined that parolees who absconded from supervision could not be charged with escape under the October 4, 1996 version of the escape statutes. State v. Conyers (Jul. 17, 1998), Lucas App. No. L-97-1327, unreported, discretionary appeal allowed, (1998), 84 Ohio St.3d 1437. On March 17, 1998, however, an amended version of R.C. 2967.15(C)(2) became effective, eliminating the conflict and clarifying that parolees could be convicted of escape from detention.
On July 7, 1998, nearly four months after R.C. 2967.15
was amended, appellant absconded from supervision by failing to appear for the Salvation Army substance abuse program. Finding appellant guilty of escape because he absconded from supervision was not a retroactive or ex post facto application of law. "[A] court entertaining an ex post facto claim must focus upon the law in effect at the time of the offense for which a person is being punished." Kellogg v. Shoemaker (C.A.6 1995), 46 F.3d 503, 509, citing Rodriguez v. United States Parole Comm'n (C.A.7 1979),594 F.2d 170, 176; see Weaver v. Graham (1981), 450 U.S. 24, 31. Appellant's escape conviction was based on conduct which occurred subsequent to the amendment of R.C. 2947.15(C)(2). Under the law as it existed at the time appellant was placed on parole in April 1997, appellant was not subject to a charge of escape for absconding. When appellant did abscond, however, in July 1998, the applicable statute had been amended and appellant was subject to the new law. Accordingly, appellant's argument is without merit.
Appellant also argues that the "Conditions of Supervision" form that he signed was void ab initio due to the conflict in the law at that time and that, since he did not sign a new "contract" after the law was amended, he cannot be held to ever have agreed to the condition of parole which permits prosecution for escape under the facts of his case. Appellant presents no authority in support of this argument. As noted above, the form that appellant signed when he was first placed on parole in 1997 advised him of the possibility of a conviction for escape if he absconded from supervision. The fact that appellant did not sign a new form in 1998 does not preclude his being charged with escape. The language in the form as to possible prosecution for escape is an accurate statement of the law as it now stands. We further note that appellant stipulated in court on January 4, 1999 that his parole officer had advised him of the change in the law. Accordingly, this argument is without merit.
Upon consideration of the foregoing, this court finds that the trial court did not err by denying appellant's motion to dismiss. Appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 _____________________ Peter M. Handwork, J.
Melvin L. Resnick, J., Richard W. Knepper, P.J., CONCUR.